IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE CARL HATHAWAY, | : | |
| | : | 1:11-cv-675 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| LT. HOOPER and FEDERAL BUREAU OF PRISONS, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

## **May 26, 2011**

### **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 9), filed on May 3, 2011, which recommends that we dismiss this action without granting Plaintiff leave to amend. On May 13, 2011, Plaintiff filed objections to the R&R. (Doc. 10). Accordingly, this matter is ripe for our review.

For the reasons that follow, the R&R shall be adopted in its entirety and this action shall be dismissed.

I.   **STANDARD OF REVIEW**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980).  The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.*  Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

II.   **DISCUSSION**

*Pro se* Plaintiff Eugene Carl Hathaway ("Plaintiff" or "Hathaway") is a federal prisoner.  In his complaint, he alleges that, on April 30, 2009, he was transferred to the United States Penitentiary at Lewisburg, Pennsylvania. Hathaway further alleges that upon intake into that correctional institution, Defendant Lieutenant Hooper, who was supervising the intake procedure, took possession of Plaintiff's property.  Subsequent to Plaintiff's intake, his property was lost and Plaintiff was so informed by Lieutenant Hooper.  Plaintiff then filed

this federal action, generally alleging that Lieutenant Hooper was negligent and reckless by losing his property.  Hathaway seeks compensatory and punitive damages.

In view of Plaintiff's application to proceed *in forma pauperis*, Magistrate Judge Smyser undertook an analysis of the complaint pursuant to the screening provisions of 28 U.S.C. §1915 A.  The Magistrate Judge concluded that the action must be dismissed because Plaintiff's complaint fails to state a claim upon which relief could be granted.

First, Magistrate Judge Smyser properly construes Plaintiff's claim as a *Bivens*[1] claim and thus concludes that Plaintiff cannot bring this claim against the Federal Bureau of Prisons.[2]  Next, Magistrate Judge Smyser concludes that Plaintiff has not and cannot assert a *Bivens* claim against Lieutenant Hooper.  Specifically, Magistrate Judge Smyser construes Plaintiff's claim as a due process claim for deprivation of property, and notes that an intentional deprivation of property does not violate the Due Process Clause, provided that adequate post-deprivation remedies are available to the claimant.  *See Hudson v. Palmer*, 468

---

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized a private cause of action to recover damages against a federal agent for violations of constitutional rights.

[2] A *Bivens* action can only be brought against individual officials, and not against a federal agency.  *FDIC v. Meyer*, 510 U.S. 471, 486 (1994).

U.S.517, 533 (1984).  The Bureau of Prisons' grievance procedure is considered an adequate post-deprivation remedy.  *See Tillman v. Lebanon County Correctional Faclity*, 221 F. 3d 410, 422 (3d Cir. 2000).  Accordingly, because the Plaintiff had access to the BOP's administrative grievance system, he cannot state a due process property deprivation claim related to the unfortunate loss of his property at intake.[3]

Within his objections, Plaintiff does not cite the Court to any availing legal principle to overcome this Court's determination that the action must be dismissed.  Again, it is unfortunate that Plaintiff's property was lost upon his arrival to USP-Lewisburg, however, the facts do not give rise to a federal lawsuit.

## III.   CONCLUSION

Based on all of the foregoing, we shall adopt the Magistrate Judge's R&R, overrule the Plaintiff's objections, and dismiss this action without leave to amend.  An appropriate Order shall issue.

---

[3] Based on this conclusion, Magistrate Judge Smyser recommends that Plaintiff not be given leave to amend.  We agree.  Any attempt by Plaintiff to amend this due process property deprivation claim would be futile because of the existence of the BOP's administrative grievance system.